UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN  ARTHUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01489-WTL-MJD |
| | ) | |
| MONROE COUNTY PROSECUTOR'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on a *Motion to Dismiss*, filed by Defendant, Monroe

County Prosecutor's Office. [Dkt. 10.] Defendant asserts Plaintiff's Complaint fails to state a

claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. Based upon the written consent of the parties at Docket No.

31, and in accordance with provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, Defendant's

Motion was referred to the undersigned Magistrate Judge to render a final decision. [Dkt. 33.]

For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

### I.     Background

This is an action under the Age Discrimination in Employment Act ("ADEA"). Plaintiff,

Karen Arthur ("Arthur"), was employed for more than 28 years by Defendant, Monroe County

Prosecutor's Office ("Prosecutor's Office").  Most recently, Arthur held the position of Director

of the Child Support Division. Arthur asserts that during her employment she either met or

exceeded the Prosecutor's Office's legitimate expectations and worked in various positions with

multiple administrations.  In January of 2015, Arthur met with the Chief Deputy Prosecutor

1

Robert Miller, who allegedly told her the Prosecutor's Office was in the midst of change and needed a fresh start. Arthur contends Miller asked her to voluntarily retire, offering to allow Arthur to pick a retirement date, receive compensation for unused vacation days and promising an office retirement party. Miller further stated that he wanted the retirement decision to be mutual, but a "change" would be made regardless of Arthur's decision. When Arthur indicated she wanted to keep working, Miller terminated her employment effective immediately. She was 64 years old.

Arthur asserts the termination of her employment was motivated by age in violation of the ADEA. She seeks front pay, back pay, liquidated damages and attorney fees. The Prosecutor's Office argues Arthur's ADEA claim is barred by the Eleventh Amendment and should be dismissed pursuant to Rule 12(b)(6).[1]

## II.    Legal Standard

The purpose of a Rule 12(b) motion to dismiss is not to decide the merits of the case. A Rule 12(b)(6) motion tests the sufficiency of the complaint, *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990), while a Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction. *Long v. Shorebank Development Corp.,* 182 F.3d 548, 554 (7th Cir. 1999). In reviewing a motion to dismiss under either rule, the Court takes as true all factual allegations in plaintiffs' complaint and draws all reasonable inferences in their favor. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Long,* 182 F.3d at 554.

---

[1] When the Eleventh Amendment applies to bar a suit against a state, federal courts are divested of subject matter jurisdiction. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997). Therefore, the Court will evaluate Defendant's Motion under Rule 12(b)(1) rather than 12(b)(6).

III.   **Discussion**

Defendant asserts Eleventh Amendment sovereign immunity shields it from Arthur's ADEA claim.  Sovereign immunity extends to all "arms of the state," barring actions in federal court against a state or state agency. *Kashani v. Purdue University,* 813 F.2d 843, 845 (7th Cir. 1987). No state or state agency may be sued for money damages unless the state either consents to be sued or Congress has validly abrogated immunity under Section 5 of the Fourteenth Amendment. Arthur does not contend that Indiana consented to suit in federal court. The second exception was eliminated for ADEA claims in *Kimel v. Florida Board of Regents,* where the Supreme Court held that Congress did not validly abrogate the States' sovereign immunity to ADEA suits by private individuals. 528 U.S. 62, 91 (2001).

Arthur's sole argument against dismissal of her lawsuit on sovereign immunity grounds is that Defendant was *not* acting as an arm of the state when it terminated her employment as a non-attorney. In deciding whether an entity is an agency of the state, the most important factor is "the extent of the entity's financial autonomy from the state." *Kashani v. Purdue University,* 813 F.2d, 843 845 (7th Cir. 1987). That inquiry is composed of five subparts: (1) the extent of state funding; (2) the state's oversight and control of the entity's fiscal affairs; (3) the entity's ability to raise funds; (4) whether the entity is subject to state taxation; and (5) whether a judgment against the entity would result in an increase in its appropriations. *Id.* Arthur asserts Defendant failed to address the extent of its financial autonomy, therefore the Court should conclude Defendant's "lack of financial autonomy is at best conflicting." [Dkt. 16 at 3.]

Defendant addressed its status as a state entity in its initial brief by referencing that its powers and duties are conferred by state statute (I.C. § 33-39-2-5) and that the State of Indiana allocates funding for the salaries of all county prosecutors (I.C. §§ 33-39-6-5(d), 33-23-13-3).

[Dkt. 11 at 3.] Defendant elaborated on this issue on reply when specifically challenged by Arthur. Defendant noted that employees of the Prosecutor's Office are public employees for the purposes of liability under Ind. Code § 34-13-3 (Indiana Tort Claims Act) and that the State of Indiana is obligated provide legal representation to prosecutors when they are sued. Notably, it is the Indiana Attorney General's Office providing the defense for the Monroe County Prosecutor's Office in this case. Based upon the significant funding received from the State of Indiana, the Prosecutor's Office financial autonomy is limited. Former Southern District of Indiana Judge David Hamilton thoroughly examined the issue of whether county prosecutors were state officials in *Bibbs v. Newman* finding:

> In Indiana, a prosecuting attorney does not exercise county power and does not answer to county authorities except for seeking "necessary" funds to operate the office. Weighing against the limited significance of the county appropriations for office operations are the prosecuting attorney's role as a state official under the state constitution, as well as the significant fact that any judgment in a lawsuit against a prosecutor would be paid by the State of Indiana . . . For these reasons, the court holds that a prosecuting attorney in Indiana acts as an officer of the state when hiring and firing deputy prosecuting attorneys.

*Bibbs v. Newman*, 997 F. Supp. 1174, 1180-81 (S.D. Ind. 1998); s*ee also Srivastava v. Newman*, 2001 WL 338110 at *2 (7th Cir. 2001) (holding Indiana state prosecutors are protected by Eleventh Amendment immunity).

Arthur contends this Court should find differently because she was employed as an administrative employee, rather than a deputy prosecutor. However, Arthur offers no support for this theory and the Court can find no case law upon which to base this distinction. Regardless of Arthur's position, she is bringing suit against the Prosecutor's Office and, if there were a judgment issued, the State of Indiana would be obligated to pay that judgment. I.C. § 33-39-9-4. The Monroe County Prosecutor's Office is an instrumentality of the State of Indiana and therefore immune from Arthur's claim under the ADEA. Consequently, this Court lacks subject

4

matter jurisdiction over Arthur's ADEA claim against Defendant and the claim must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2]

### IV.   Conclusion

Based on the foregoing, Defendant's *Motion to Dismiss* is **GRANTED**. Plaintiff's Age Discrimination in Employment Act claim is **DISMISSED** on the grounds that Defendant is protected by sovereign immunity. Because Plaintiff is unable to cure the lack of subject matter jurisdiction by amending her Complaint, the dismissal is **WITH PREJUDICE**.

Dated:  29 MAR 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] The Court recognizes that Arthur is in a Catch-22. Based upon the facts as alleged, she was terminated from her employment because of her age, yet her employer is immune to suit under the ADEA and the Indiana Age Discrimination Act ("IADA") fails to provide a private right of action. *See Montgomery v. Board of Trustees of Purdue University*, 849 N.E.2d 1120 (Ind. 2006) (wherein the Court of Appeals affirmed the judgment on the pleadings in favor of Purdue because there is no private civil damages remedy under the IADA); I.C. § 22-9-2-1. As noted by Indiana Supreme Court Justice Robert Rucker in his dissent in *Montgomery*, "certainly the legislature could not have intended the result reached in this case."

5

Distribution:

Brent R. Borg
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
bborg@cchalaw.com

Jessica L. Billingsley
CHURCH CHURCH HITTLE & ANTRIM - Noblesville
jbillingsley@cchalaw.com

Daniel  Gore
INDIANA ATTORNEY GENERAL
Daniel.Gore@atg.in.gov

Kelly J. Pautler
INDIANA ATTORNEY GENERAL
kelly.pautler@atg.in.gov